# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 22, 2018

```
* * * * * * * * * * * * *
MERCY SHAVER, as Administrator of      *        UNPUBLISHED
the Estate of KRISTIYANA D. SMITH,     *
                                       *
          Petitioner,                  *        No. 10-515V
                                       *
v.                                     *        Special Master Gowen
                                       *
SECRETARY OF HEALTH                    *        Joint Stipulation; Influenza ("Flu");
AND HUMAN SERVICES,                    *        Guillain-Barre Syndrome ("GBS");
                                       *        Myasthenia Gravis ("MG"); Death.
          Respondent.                  *
* * * * * * * * * * * * *
```

Franklin John Caldwell, Jr, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On August 5, 2010 Kristiyana D. Smith filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] On November 23, 2015, the case caption was amended to reflect that Ms. Smith passed away on May 6, 2015, and Ms. Mercy Shaver ("Petitioner") was appointed administrator of Ms. Smith's estate. Order Granting Motion to Amend Caption, ECF No. 88. Petitioner alleges that Ms. Smith suffered from Guillain-Barre Syndrome ("GBS") and Myasthenia Gravis ("MG") as a result of an influenza vaccine administered on October 21, 2008. Petitioner further alleges that Ms. Smith's death was the sequela of her alleged injuries. Petition at ¶ 4; Stipulation at ¶ 4.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 21, 2018, the parties filed a joint stipulation ("Stipulation") in which they state that a decision should be entered awarding compensation to petitioner. ECF No. 134. Respondent denies that the vaccine petitioner received caused her to suffer from GBS, MG, any other injury, or her death. Id. at ¶ 6.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

a. **A lump sum of $245,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Kristiyana D. Smith. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph 8.b of the Stipulation attached hereto as Appendix A; and**

b. **A lump sum of $1,190,953.47, which amounts represents reimbursement of a Medicaid lien for services rendered on behalf of Kristiyana D. Smith, in the form of a check payable jointly to petitioner and**

> **Department of Health Care Services**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **DHCS Account No.: C94443871A-VAC03**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> **s/Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

MERCY SHAVER, as Administrator of the
Estate of KRISTIYANA D. SMITH, deceased,

                            Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                            Respondent.

No. 10-515V
SPECIAL MASTER GOWEN
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

1.      Kristiyana D. Smith ("Kristiyana") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to Kristiyana's receipt of an

influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42

C.F.R. § 100.3(a). Upon Kristiyana's death, Mercy Shaver ("petitioner"), Kristiyana's mother, filed

an amended petition on behalf of Kristiyana's estate.

2.      Kristiyana received the flu vaccine on October 21, 2008.

3.      The vaccine was administered within the United States.

4.      Petitioner alleges that as a result of receiving the flu vaccine, Kristiyana sustained a

vaccine-related injury diagnosed as Guillain-Barre Syndrome ("GBS") and myasthenia gravis ("MG").

Kristiyana passed away on May 6, 2015. Petitioner further alleges that Kristiyana's death was the

sequela of her alleged vaccine-related injury.

1

5.     Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Kristiyana as a result of her alleged injury or her death.

6.     Respondent denies that the flu vaccine caused Kristiyana's alleged GBS or MG, any other injury, or her death.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$245,000.00** in the form of a check payable to petitioner as legal representative of the Estate of Kristiyana D. Smith. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph 8.b; and

   b. A lump sum of **$1,190,953.47**, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of Kristiyana D. Smith, in the form of a check payable jointly to petitioner and

       Department of Health Care Services
       Recovery Branch – MS 4720
       P.O. Box 997421
       Sacramento, CA 95899-7421
       DHCS Account No.: C94443871A-VAC03

9.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that they have identified to respondent all known

2

sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     Petitioner represents that she presently is duly authorized to serve as Legal representative of the Estate of Kristiyana D. Smith, under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Legal representative of the Estate of Kristiyana D. Smith. If petitioner is not authorized by a court of competent jurisdiction to serve as Legal representative of the Estate of Kristiyana D. Smith at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Kristiyana D. Smith, upon submission of written documentation of such appointment to the Secretary.

13.     In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the Legal representative of the Estate of Kristiyana D. Smith, on behalf of herself, the Estate, and Kristiyana's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely

3

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Kristiyana resulting from, or alleged to have resulted from, the flu vaccine administered on October 21, 2008, as alleged in a Petition filed on August 5, 2010, in the United States Court of Federal Claims as petition No. 10-515V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Kristiyana's alleged GBS, MG, any other injury, or her death.

17.     All rights and obligations of petitioner in her capacity as Legal representative of the Estate of Kristiyana D. Smith, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

MERCY SHAVER

ATTORNEY OF RECORD FOR
PETITIONER:

For: F. JOHN CALDWELL, JR.
Maglio Christopher & Toale, PA
1605 Main Street
Suite 710
Sarasota, FL  34236
Tel: (914) 952-5242

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

Ward Sorensen for

NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-1586

DATE: May 21, 2017

5